**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

JUSTIN VALENTINO MASON,

    Petitioner,

v.                                   Civil Action No. 3:19CV864

B. BOOKER,

    Respondent.

**MEMORANDUM OPINION**

Justin Valentino Mason, a Virginia inmate proceeding pro se, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 1).[1] Respondent moves to dismiss, inter alia, on the ground that the action is barred by the statute of limitations. Mason filed a Rebuttal to Commonwealth's Brief to Dismiss. ("Response," ECF No. 18.) For the reasons set forth below, the Motion to Dismiss (ECF No. 12) will be granted.

**I. PROCEDURAL HISTORY**

By Order entered February 14, 2017, Mason was convicted in the Circuit Court of Hanover County ("Circuit Court") of first-degree murder and use of a firearm while committing murder and was sentenced to life plus three years. (ECF No. 14-1, at 1-2.) Mason

---

[1] The Court utilizes the pagination assigned by the CM/ECF docketing system to the parties' submissions. The Court corrects the spelling, capitalization, and punctuation in the quotations from the parties' submissions.

appealed his convictions to the Court of Appeals of Virginia who denied his petition for appeal on September 28, 2017. (ECF No. 14-2.) Mason did not pursue any further direct appeal.

On March 16, 2018, Mason filed a petition for a writ of habeas corpus with the Supreme Court of Virginia. (ECF No. 14-3, at 1.) On February 28, 2019, the Supreme Court of Virginia dismissed the petition. (Id. at 1-2.) On July 8, 2019, Mason filed a second petition for writ of habeas corpus in the Supreme Court of Virginia. (ECF No. 14-4, at 1.) On September 23, 2019, the Supreme Court of Virginia dismissed the petition as untimely. (Id.) On November 21, 2019, the Supreme Court of Virginia denied Mason's petition for rehearing. (Id. at 2.)

On November 13, 2019, Mason placed his § 2254 Petition in the prison mail system for mailing to this Court. (ECF NO. 1, at 15.) The Court deems the § 2254 Petition filed as of that date. See Houston v. Lack, 487 U.S. 266, 276 (1988). Mason contends that he is entitled to relief upon the following grounds:

Claim One       "My habeas corpus was time-barred wrongly." (ECF No. 1, at 5.)

Claim Two       The prosecution gave the jury instruction that use of a deadly weapon proves intent. The jury instruction is unconstitutional and plainly wrong." (Id. at 7.)

Claim Three     "Ineffective counsel on trial attorney Bobbi Graves." (Id. at 8.)

Claim Four      "Joshua Farmer, my appeal lawyer, was ineffective counsel." (Id. at 10.)

2

Claim Five          "The date on the affidavits used to support the
                    warrant for my phone records was dated a year after
                    I was incarcerated."  (Id. at 18.)

Claim Six           "The crime scene was tainted by the search party.
                    Inadmissible evidence."  (Id. at 19.)

Claim Seven         "State witness Shane Stevens made statements to
                    another inmate about how he got information about
                    my case."  (Id. at 20.)

For the reasons set forth below, Mason's § 2254 Petition will
be dismissed.

## II.  ANALYSIS

### A.  Claim One Is Not Cognizable in Federal Habeas

As Respondent correctly notes, Claim One fails to state a
claim for federal habeas relief because Mason may not challenge
errors in his state post-conviction proceedings in federal habeas.
In order to obtain federal habeas relief, at a minimum, a
petitioner must demonstrate that he is "in custody in violation of
the Constitution or laws and treaties of the United States."  28
U.S.C. § 2254(a).  And, "[c]laims of error occurring in a state
post-conviction proceeding cannot serve as a basis for federal
habeas corpus relief."  Bryant v. Maryland, 848 F.2d 492, 493 (4th
Cir. 1988) (citations omitted).  That is because the habeas
petitioner's detention results from the underlying state
conviction, not from the state post-conviction collateral
proceeding.  Lawrence v. Branker, 517 F.3d 700, 717 (4th Cir. 2008)

3

("[E]ven where there is some error in state post-conviction proceedings, a petitioner is not entitled to federal habeas relief because the assignment of error relating to those post-conviction proceedings represents an attack on a proceeding collateral to detention and not to the detention itself." (citing Bryant, 848 F.2d at 493; Bel-Bey v. Roper, 499 F.3d 752, 756 (8th Cir. 2007); United States v. Dago, 441 F.3d 1238, 1248 (10th Cir. 2006))). Because Claim One only raises a perceived error in Mason's post-conviction proceedings, it will be dismissed.

## B. Statute Of Limitations

Respondent contends that the federal statute of limitations bars Mason's remaining claims. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed,

4

if the applicant was prevented from
filing by such State action;

(C) the date on which the constitutional
right asserted was initially recognized
by the Supreme Court, if the right has
been newly recognized by the Supreme
Court and made retroactively applicable
to cases on collateral review; or

(D) the date on which the factual predicate
of the claim or claims presented could
have been discovered through the exercise
of due diligence.

2. The time during which a properly filed application
for State post-conviction or other collateral
review with respect to the pertinent judgment or
claim is pending shall not be counted toward any
period of limitation under this subsection.

28 U.S.C. § 2244(d).

C.   **Commencement And Running Of The Statute Of Limitations**

Mason's state court conviction became final on Monday,
October 30, 2017, when the time to file a petition for appeal with
the Supreme Court of Virginia expired. See Hill v. Braxton, 277
F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period
begins running when direct review of the state conviction is
completed or when the time for seeking direct review has expired
. . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); Va. Sup. Ct. R.
5:14(a) (providing no appeal allowed unless notice of appeal filed
within thirty days of final judgment).

D.   **Statutory Tolling**

The statute of limitations period began to run the following
day, on Tuesday, October 31, 2017. One hundred and thirty-six
days of the limitation period expired before Mason filed his first

5

petition for writ of habeas corpus with the Supreme Court of Virginia on March 16, 2018. (ECF No. 14-3, at 1); see 28 U.S.C. § 2244(d)(2). The limitations period remained tolled until the Supreme Court of Virginia dismissed the petition on February 28, 2019.

Mason's second habeas petition filed on July 8, 2019 in the Supreme Court of Virginia does not provide him with any further statutory tolling. Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitation period. Id. (emphasis added). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000). These rules and laws "usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." Id. (emphasis added) (footnote omitted) (citations omitted). Mason's second habeas petition filed in the Supreme Court of Virginia was dismissed as untimely, and therefore, was not properly filed and does not toll the limitation period. See Pace v. DiGuglielmo, 544 U.S. 408, 410 (2005).

6

Therefore, the limitations period began to run again on March 1, 2019, the day after the Supreme Court of Virginia dismissed his appeal, and expired 229 days later, on Wednesday, October 16, 2019. Because Mason failed to file his § 2254 Petition until November 13, 2019, his petition is untimely unless he demonstrates any plausible basis for equitable tolling or a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(B)-(D). Under the "TIMELINESS OF PETITION" section of his § 2254 Petition, Mason vaguely argues that he is entitled to a belated commencement due to "newly discovered evidence." (ECF No. 1, at 13.) In his Response, Mason suggests that he is entitled to equitable tolling. (ECF No. 18, at 1.) Both arguments lack merit.

**E.   Belated Commencement Under 28 U.S.C. § 2244(d)(1)(D)**

Under 28 U.S.C. § 2244(d)(1)(D), a petitioner may be entitled to a belated commencement of the limitation period to "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). "[T]he petitioner bears the burden of proving that he exercised due diligence, in order for the statute of limitations to begin running from the date he [or she] discovered the factual predicate of his claim, pursuant to 28 U.S.C. § 2244(d)(1)(D)." DiCenzi v. Rose, 452 F.3d 465, 471 (6th Cir. 2006) (citing Lott v. Coyle, 261 F.3d 594, 605-06 (6th Cir. 2001)). A habeas applicant who "merely alleges that [he] did not

actually know the facts underlying his or her claim does not" thereby demonstrate due diligence. In re Boshears, 110 F.3d 1538, 1540 (11th Cir. 1997). Rather, to obtain a belated commencement of the limitation period, the applicant must explain why a reasonable investigation would not have unearthed the facts prior to the date under which the limitation period commenced under 28 U.S.C. § 2244(d)(1)(A). See id. at 1540-41 (rejecting petitioner's assertion that he could not have discovered his new Brady claim prior to filing his first § 2254 petition).

Mason argues, in sum, "the issue of newly discovered evidence would apply to Sussan Strong's prejudic[ial] statements which I found out about after a year and Shane Stevens's statements which I also found out after the fact." (ECF No. 1, at 13.) To qualify for belated commencement under 28 U.S.C. § 2244(d)(1)(D), Mason must demonstrate that a reasonable investigation would not have unearthed the factual predicates of these claims until after his conviction became final on October 30, 2017.

### 1. Susan Strong's Alleged Statement

Mason does not raise a claim pertaining to Susan Strong in his § 2254 Petition.[2] Accordingly, Mason fails to demonstrate how

_____

[2] From his second state habeas petition, it is evident that Strong was a juror who Mason believes was biased. Mason attached an undated affidavit from a Christopher Strong who indicated that at some undisclosed time, Susan Strong told him that "there was no doubt in her mind that Justin Mason was guilty of murder from the moment she laid eyes on him. She stated that he 'looked like a

Strong's "prejudicial statement" would entitle him to a belated commencement of the limitation period under § 2244(d)(1)(D) for his § 2254 Petition.

### 2.  Shane Stevens's Alleged Statements

The Court generously construes Mason to argue that he is entitled to a belated commencement of the limitations period for Claim Seven, the only claim that pertains to Shane Stevens's statements.  Mason contends that "Shane Stevens told the Court I confessed to him that I ditched a body in Hanover, but I have evidence Stevens reviewed some of my paperwork (motion of discovery) and admitted that he was going to use the information he found out to get time off his sentence."  (ECF No. 1, at 20.) Mason attached an unsigned and unsworn affidavit that is purportedly from a Lamare Jennings that is apparently "the evidence."  (ECF No. 1-1, at 1.)[3]  Jennings indicates that, "while

_____

killer.'"  (ECF No. 1-1, at 2.)  Moreover, Mason states he learned this information "after a year."  (ECF No. 1, at 13.)  Generously construing Mason to have learned about this statement within a year of his conviction becoming final on October 30, 2017, he would have known the factual predicate for his claim, by the latest, in October 2018.  Mason would have had one year or until October 2019 to file a § 2254 petition raising this claim.  Mason failed to file his § 2254 Petition until November 13, 2019.  Thus, even if the Court construed Mason to raise a claim in his § 2254 Petition pertaining to Strong's bias, it would be untimely filed.

[3] The affidavit of Jennings that Mason produces lacks the ring of truth.  This affidavit was clearly made after the conclusion of Mason's criminal trial and by an individual with a felony conviction.  The sheer fact that Jennings has a history of felony convictions casts doubt on the reliability of his testimony.

[he] was incarcerated at Pamunkey Regional Jail in Hanover County in 2015, Shane Stevens told me he had a "Get Out of Jail Free Card" and "further stated that he read some of Justin Mason's legal papers while at the Law Library." (Id.) At most, Mason contends he learned about this "after the fact." (ECF No. 1, at 13.)

Mason fails to identify with the requisite specificity "the date on which the facts supporting the claim . . . presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1). Mason must demonstrate that a reasonable investigation would not have unearthed the factual predicate of this claims until after his conviction became final on October 30, 2017. According to the affidavit, the information was available in 2015. Mason clearly had available to him the facts on which he bases this claim by the time that he filed his second state habeas petition on July 8, 2019. Mason fails to explain adequately why he could not have discovered this information through the exercise of due diligence within the federal limitation period. Mason fails to provide any facts or argument to suggest that he acted with due diligence.

---

Additionally, the affidavit is typewritten, without a signature or notarization and is of dubious authenticity. Nevertheless, even considering the statements in the affidavit as true, Mason still fails to demonstrate he is entitled to a belated commencement.

## F.   Mason Fails To Demonstrate Entitlement To Equitable Tolling

Mason suggests that "the state wrongly denying my timely filed state habeas on July 8, 2019 presents extraordinary circumstances beyond my control." (Rebuttal 1, ECF No. 18.) The Court understands that, by this, Mason means to argue that he is entitled to equitable tolling. The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). An inmate asserting equitable tolling "'bears a strong burden to show specific facts'" that demonstrate he fulfills both elements of the test. Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)). Generally, the petitioner is obliged to specify "the steps he took to diligently pursue his federal claims." Id. at 930 (quoting Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998)).

Mason has not demonstrated that an extraordinary circumstance prevented him from filing his § 2254 Petition in a timely manner. Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000) (observing that a petitioner is required "to demonstrate a causal relationship between the extraordinary circumstances on which the claim for

11

equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances" (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990); Fisher v. Johnson, 174 F.3d 710, 716 (5th Cir. 1999)). Indeed, Mason has not set out what actions, if any, he took to pursue his federal claims after his first habeas petition was dismissed. That alone forecloses a finding of equitable tolling for Mason. Yang, 525 F.3d at 930 (citation omitted); Roberts v. Watson, 697 F. Supp. 2d 646, 653 (E.D. Va. 2010) ("Unexplained delays in filing petitions do not demonstrate diligence on the part of petitioner in pursuing his rights." (citing Pace, 544 U.S. at 419; Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001))).[4]

Nor has Mason demonstrated the existence of an extraordinary circumstance that prevented him from timely filing his § 2254 Petition. The Supreme Court of Virginia dismissed Mason's second habeas petition because it was untimely under Virginia law. Ignorance of the law about rules for habeas petitions and lack of

---

[4] Additionally, if the Court were to construe Mason to argue entitlement to equitable tolling for his claims pertaining to Strong and Stevens, Mason clearly raised claims pertaining to these individuals in his second habeas petition which he prepared and filed on July 8, 2019, well within the federal limitation period. Thus, he was not diligently pursuing his federal rights with respect to these claims.

12

legal assistance upon the conclusion of direct appeal are not extraordinary circumstances that warrant the tolling of the limitation period. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (citing Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003); United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002); Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000)). The Supreme Court of Virginia's dismissal of an untimely second habeas petition is not an extraordinary circumstance.

Mason fails to explain with specificity how any of the alleged deficiencies actually hindered his efforts to pursue his federal claims within the statute of limitations. "Simply put, [Mason] fails to demonstrate some external impediment, rather than his own lack of diligence, prevented him from filing a habeas petition in a timely fashion." O'Neill v. Dir., Va. Dep't of Corr., No. 3:10CV157, 2011 WL 3489624, at *6 (E.D. Va. Aug. 9, 2011); cf. Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Thus, Mason is not entitled to equitable tolling of the limitations period, and his § 2254 Petition is untimely.

### III. CONCLUSION

Respondent's Motion to Dismiss (ECF No. 12) will be granted. The § 2254 Petition will be denied and the action will be dismissed.[5] A certificate of appealability will be denied.

The Clerk of the Court is directed to send a copy of this Memorandum Opinion to Mason and counsel of record.

/s/ _____

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: July ___7___, 2020

---

[5] To the extent that Mason requests an evidentiary hearing (see ECF No. 18, at 4), one is not warranted. In determining whether a case warrants an evidentiary hearing, a federal court must consider whether the evidentiary hearing would provide the petitioner the opportunity to "prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007); see Mayes v. Gibson, 210 F.3d 1284, 1287 (10th Cir. 2000). A federal court must also consider the standards set forth in 28 U.S.C. § 2254 when considering whether an evidentiary hearing is appropriate. Schriro, 550 U.S. at 474. "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id. As Mason's § 2254 Petition is barred by the statute of limitations he fails to establish that an evidentiary hearing is appropriate here.